UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM S. PARLAMAN,

    Applicant,

v.                                            CASE NO. 8:14-cv-2644-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
                                   /

## **O R D E R**

Parlaman applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for felony battery, for which he is imprisoned for five years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 8) The respondent admits both the application's timeliness and Parlaman's exhausting his state court remedies. (Response at 4 and 6, Doc. 8) The respondent correctly argues that Parlaman fails to meet his burden to prove entitlement to relief.

## **FACTS**[1]

Both Parlaman and the victim were homeless men. The victim was invited to the home of a friend from church. Parlaman, whom the friend knew, accompanied the victim. The three men were drinking beer and watching television inside the

---

[1] This summary of the facts derives from the trial transcript and Parlaman's brief on direct appeal. (Respondent's Exhibits 2 and 7)

friend's home when an altercation erupted between Parlaman and the victim. The fight lasted a couple of minutes. Both combatants complied with the homeowner's request that both men leave his home. The victim testified that Parlaman was the aggressor, but Parlaman testified that the victim was the aggressor. Both men left the home bloodied. Later that day the victim was examined at a hospital. After a "CT" scan and x-rays of his head, the victim was released the following day. Police arrested Parlaman on the same day that the victim was released from the hospital. Two days later the victim sustained a seizure and required immediate brain surgery because "blood [was] building on [the victim's] brain. (Respondent's Exhibit 2, vol. 1 at 136) Appointed counsel visited Parlaman at the jail and photographed his facial injuries.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

> established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied — the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*,

131 S. Ct. 770, 786–87 (2011). *See Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) ("And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Parlaman's convictions and sentence. (Respondent's

- 4 -

Exhibit 9) Similarly, in another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Parlaman's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 17) The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784–85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), and *Bishop v. Warden*, 726 F. 3d 1243, 1255–56 (11th Cir. 2013) (describing the difference between an "opinion" or "analysis" and a "decision" or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even if there is no "opinion" or "analysis").

As *Pinholster*, 131 S. Ct. at 1398, explains, review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

Parlaman bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Parlaman's post-conviction claims warrants deference in this case. (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibits 15) Parlaman's federal petition presents the same grounds of ineffective assistance of counsel that were presented to the state courts.

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Parlaman claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the

> defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment. Second, the defendant
> must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Parlaman must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Parlaman must show "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Parlaman cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). The required extent of counsel's investigation was addressed recently in *Hittson v. GDCP Warden*, 759 F.3d 1210, 1267 (11th Cir. 2014), *cert. denied sub nom., Hittson v. Chatman*, 135 S. Ct. 2126 (2015):

> [W]e have explained that "no absolute duty exists to investigate particular facts or a certain line of defense." *Chandler*, 218 F.3d at 1317. "[C]ounsel has a duty to make *reasonable* investigations or make a *reasonable* decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066 (emphasis added). "[C]ounsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." *Chandler*, 218 F.3d at 1318. "In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Wiggins*, 539 U.S. at 527, 123 S. Ct. at 2538.

*See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (confirming that counsel has no duty to raise a frivolous claim).

Under 28 U.S.C. § 2254(d) Parlaman must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (An applicant must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the

merits in state court is found to merit relief in a federal habeas proceeding."), and

*Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim — which is governed by the deferential *Strickland* test — through the lens of AEDPA deference, the resulting standard of review is "doubly deferential."), *cert. denied*, 134 S. Ct. 191 (2013).

The state court summarily denied the claims of ineffective assistance of counsel with the following introduction (Respondent's Exhibit 15 at 1–2):

> When a defendant alleges the ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient; and (2) that such deficient performance caused the defendant to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 ( 1984). To satisfy the first prong, the defendant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. To satisfy the second prong, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the outcome of the trial would have been different. *Rutherford v. State*, 727 So. 2d 216 (Fla. 1998). In the event that the defendant fails to satisfy one component, the inquiry ends, and the reviewing court need not determine if the defendant has satisfied the other. *See Schoenwetter v. State*, 46 So. 3d 535, 546 (Fla. 2010).

Because the state court correctly recognized that *Strickland* governs each claim of ineffective assistance of counsel, Parlaman cannot meet the "contrary to" test in Section 2254(d)(1). Parlaman instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts. In determining "reasonableness," a federal application for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its *Strickland* inquiry," not an independent assessment of whether

counsel's actions were reasonable. *Putnam v. Head*, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002). The presumption of correctness and the highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

Ground One:

Parlaman alleges that trial counsel rendered ineffective assistance by not presenting an adequate defense. Parlaman claims that counsel failed to adequately develop and present evidence about Parlaman's injuries from the fight and that counsel failed to adequately develop Parlaman's asserted self-defense, the only possible defense based on the evidence. Specifically, Parlaman alleges that counsel was ineffective for the following four reasons (Doc. 1 at 48):

> [B]y failing to provide a proper foundation for a sound defense by (A) failing to submit photos of William Parlaman's injuries into evidence for the jury's consideration, (B) failing to properly cross-exam state witnesses and elicit testimony about the defendant's injuries, (C) failed to call a pertinent witness Deputy Joseph Miner to provide available testimony concerning the defendant's injuries and impeach state witness Phillip Joyner, (D) failing to provide a viable defense for the defendant Parlaman's only defense, self-defense.

The post-conviction court denied these claims as follows (Respondent's Exhibit 15 at 2) (references to attached exhibits omitted):

> Ground One: Failing to Introduce Evidence of Self-Defense
>
> Defendant argues that his counsel was ineffective for failing to introduce evidence that would support his claim of self-defense. Specifically, Defendant asserts that counsel was deficient for 1) failing to introduce photographs documenting Defendant's injuries, 2) failing to cross examine Phillip Joyner and William

- 11 -

> Leonhardt on Defendant's injuries, and 3) failing to call Deputy
> Joseph Miner to testify regarding Defendant's injuries.
>
> Defendant's assertion that counsel was deficient for failing to
> introduce photographs of Defendant's injuries must be denied
> because reasonable trial strategy is not subject to collateral
> attack. *See Lemarca v. State*, 931 So. 2d 838 (Fla. 2006)
> (reasonable trial strategy is not subject to collateral attack in a
> motion for post-conviction relief). The admission of these
> photographs into evidence was addressed at trial. Counsel
> admitted that he considered introducing the photographs, but
> decided against it because they did not fit in with the defense
> strategy and could not be authenticated. The Court found
> counsel's conduct to be an exercise of reasonable trial strategy.
>
> In addition, the omission of testimony regarding Defendant's
> injuries did not prejudice Defendant. First, during his testimony
> at trial, Defendant indicated to the jury the extent of his
> injuries. Since testimony regarding Defendant's injuries was
> already introduced at trial, Defendant was not prejudiced by the
> omission of additional testimony on this matter. Further, given
> that Defendant's injuries were consistent with the State's theory
> of the case and do not establish that Defendant was provoked or
> acted in self-defense, there is no reasonable probability that the
> outcome of trial would have been different had this testimony
> been elicited. *Nelson v. State*, 875 So. 2d 579 (Fla. 2004). This is
> particularly true given the other testimony in the case that
> Defendant was not acting in self-defense. Thus, this ground of
> Defendant's motion is denied.

The state court's determination — that Parlaman failed to prove counsel's ineffectiveness by not presenting certain evidence or conducting a certain examination of witnesses — is consistent with federal precedent. *See e.g., Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision [to not call a certain witness] appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was so patently unreasonable that no competent attorney would have chosen it.") (internal quotation omitted); *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to

- 12 -

call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.") (*en banc*); *Blanco v. Singletary*, 943 F.2d 1477, 1495 (11th Cir. 1991) ("The decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel."). *Accord McDonald v. Sec'y, Dep't of Corr.*, 578 Fed. App'x 921, 925 (11th Cir. 2014) (quoting *Blanco*); *Cook v. Warden, Ga. Diagnostic Prison*, 677 F.3d 1133, 1137 (11th Cir. 2012) (quoting *Waters*), *cert. denied*, 568 U.S. 1146 (2013). Additionally, counsel's decision to cross-examine and his manner of cross-examining are strategic decisions entitled to deference. *Dorsey v. Chapman*, 262 F.3d 1181, 1185–86 (11th Cir. 2001), *cert. denied*, 535 U.S. 1000 (2002).

Parlaman complains that the state court failed to address his claim that counsel failed to present his "only defense, self-defense." The only specific examples that Parlaman asserted in the motion for post-conviction relief was the failure to adequately investigate and present testimony about, or photographs depicting, his injuries. (Respondent's Exhibit 14 at 7) As shown above, the post-conviction court properly rejected the claims as counsel's strategic decision. Parlaman never identifies evidence supporting a claim of self-defense that counsel failed to present. Moreover, the post-conviction court correctly stated that evidence about Parlaman's injuries fails to show which combatant was the aggressor, proof essential to a claim of self-defense. As a consequence, the state court reasonably applied *Strickland* in denying Parlaman's claim of ineffective assistance of counsel asserted in ground one.

Ground Four:[2]

Parlaman alleges that trial counsel rendered ineffective assistance by not impeaching the victim with inconsistent statements. The post-conviction court denied this claim as follows (Respondent's Exhibit 15 at 3–4) (references to attached exhibits omitted):

> Ground Four: Failure to Impeach the Testimony of the Victim
>
> Defendant asserts that his counsel was ineffective for failing to impeach the testimony of the victim with his own inconsistent statements. Defendant states that the victim's testimony about the location of the altercation was inconsistent. At trial, the victim first testified that Defendant attacked him when he was returning from the kitchen to the living room. Subsequently, the victim was asked if the attack was provoked. He responded that it was not and that "we was all three sitting there watching TV . . . having a cold beer." The Court does not find the statements to be inconsistent as one statement discusses *where* the altercation began and one discusses *why* the altercation began. Defendant also argues that his counsel should have impeached the victim based on the testimony of William Leonhardt. Mr. Leonhardt testified that the incident occurred in the living room. Again, the Court does not find the testimony of Mr. Leonhardt inconsistent with the victim's testimony. While the victim testified that he was first attacked after he grabbed a beer from the kitchen, he also testified that the incident occurred in the living room.
>
> Even if the testimony of the victim was inconsistent, Defendant has failed to show prejudice. In order to succeed on a claim of ineffective assistance of counsel, a defendant must show a reasonable probability that but for counsel's unprofessional errors, the outcome of the trial would have been different. *Rutherford v. State*, 727 So. 2d 216 (Fla. 1998). Given the insignificant nature of the contested testimony, Defendant cannot show a reasonable probability that the outcome would

---

[2] The federal petition presents neither a ground two nor a ground three. Instead, the two grounds for relief asserted in the federal petition are copied from the state court proceedings and labeled as "Ground One" and "Ground Four."

>have been different had defense counsel confronted the victim
>with the alleged inconsistent testimony.

The post-conviction court's determination that counsel's performance was not deficient is consistent with federal precedent. As stated earlier, counsel's decision to cross-examine and his manner of cross-examining are strategic decisions entitled to deference. *Dorsey*, 262 F.3d at 1185–86. Similarly, Parlaman fails to show that prejudice resulted from the alleged failure to impeach the victim. As a consequence, the state court reasonably applied *Strickland* in denying Parlaman's claim of ineffective assistance of counsel asserted in ground four.

## **CONCLUSION**

Parlaman fails to meet his burden to show that the state court's decision was either an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of fact. As *Burt v. Titlow*, 134 S. Ct. 10, 15–16 (2013), recognizes, an applicant's burden under Section 2254 is very difficult to meet:

> Recognizing the duty and ability of our state-court colleagues
> to formidable barrier to federal habeas relief for prisoners whose
> claims have been adjudicated in state court. AEDPA requires
> "a state prisoner [to] show that the state court's ruling on the
> claim being presented in federal court was so lacking in
> justification that there was an error . . . beyond any possibility
> for fairminded disagreement." *Harrington v. Richter*, 562 U.S.
> [86, 103] (2011). "If this standard is difficult to meet" — and it
> is — "that is because it was meant to be." *Id.*, at [102]. We will
> not lightly conclude that a State's criminal justice system has
> experienced the "extreme malfunctio[n]" for which federal
> habeas relief is the remedy. *Id.*, at [103] (internal quotation
> marks omitted).

Accordingly, Parlaman's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Parlaman and close this case.

# DENIAL OF BOTH
# A CERTIFICATE OF APPEALABILITY
# AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Parlaman is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Parlaman must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Parlaman is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Parlaman must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 15, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE